UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER MICHAEL FIELDS, II,

        Petitioner,               Case Number: 17-13565
                                                         Honorable Linda V. Parker

v.

SHERMAN CAMPBELL,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner filed this habeas corpus petition under 28 U.S.C. § 2254, challenging his Michigan state court convictions for two counts of operating a motor vehicle while intoxicated causing death. The petition raises two claims for relief, both regarding alleged deficiencies in the jury instructions. The Court finds that Petitioner's claims do not warrant habeas corpus relief. Therefore, the Court is denying the application for habeas relief.

## I.    Background

Petitioner's convictions arise from the deaths of Nadeem Sawaf and Kush Sood. The Michigan Court of Appeals set forth the following relevant facts in its decision affirming Petitioner's convictions:

> On December 16, 2012, after leaving a Sterling Heights bar, Nadeem Sawaf, Kush Sood, and Erica Cholewa traveled in Sawaf's Honda on the I-75 expressway toward Detroit which he was driving. Sawaf

> lost control of his car, causing it to spin, hit a median wall, and ultimately stop in a perpendicular position across the right two lanes of the highway. After the three occupants left the car and made it safely to the embankment, Sawaf and Sood returned to the car on the roadway, where they were struck by defendant's Ford Explorer at approximately 2:00 [a.m.]
>
> While questioning defendant, State Police Trooper Josh Reeber, one of the first responders to the scene, noticed a strong odor of alcohol emanating from defendant. He also observed a full container of beer in the front seat of defendant's truck and a half-empty bottle of Hennessy Cognac in a brown paper bag in the back. Trooper Reeber performed field sobriety tests on defendant, all of which he failed. Subsequent testing revealed that defendant had a blood alcohol content level of .21 at 5:39 a.m., two and a half times the legal limit of .08.

*People v. Fields, II*, No. 326702, 2016 WL 4129314, *1 (Mich. Ct. App. Aug. 2, 2016). These facts are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

A jury in Michigan's Wayne County Circuit Court found Petitioner guilty of two counts of operating a motor vehicle while intoxicated causing death, and the trial court sentenced him to concurrent terms of 5 to 15 years' imprisonment for each of the convictions. Petitioner filed an appeal of right in the Michigan Court of Appeals, challenging the jury instructions, the trial judge's response to a question from the jury, and the trial court's failure to strike the testimony of

prosecution witness Sergeant Chad Lindstrom. The Michigan Court of Appeals affirmed Petitioner's convictions, *Fields*, 2016 WL 4129314 at *4, and the Michigan Supreme Court denied leave to appeal. *People v. Fields*, 889 N.W.2d 264 (Mich. 2017).

On November 1, 2017, Petitioner filed this habeas corpus petition. He raises these claims:

> I. The Michigan Supreme Court erred when it affirmed the decision that Mr. Fields is not entitled to a new trial where the trial court judge did not adequately instruct the jury on the critical element of superseding causation relating to the deaths of the two decedents.
>
> II. The Michigan Supreme Court erred when it affirmed the trial court judge's failure to adequately instruct the jury regarding proximate causation and failed to properly respond to the jury's question regarding the related concept of gross negligence.

(ECF No. 1.) Petitioner was released to a term of parole on October 31, 2018. *See*, http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=953497.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

3

> Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

AEDPA "imposes a highly deferential standard for evaluating state-court rulings," and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v.*

*Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.* Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Discussion

Petitioner raises two jury-instruction-related claims: (i) the trial court inadequately instructed the jury on causation; and (ii) the trial court failed to properly respond to the jurors' question regarding gross negligence. Respondent argues that Petitioner waived these claims and, therefore, they are procedurally

defaulted. The Court finds that Petitioner's first claim is procedurally defaulted and that Petitioner has not established cause and prejudice to excuse the default, nor has he shown that failure to consider the claim would work a manifest injustice. Petitioner's second claim is not procedurally defaulted, but the Michigan Court of Appeals' denial of the claim does not warrant habeas relief.

### A. Causation Instruction

Federal habeas relief is precluded on claims that were not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (internal quotations omitted). Federal courts on habeas review must decide whether a state procedural bar is adequate. That is, the " 'adequacy of state procedural bars' ... is not within the State's prerogative finally to decide; rather, adequacy 'is itself a federal question.'" *Lee v. Kemna*, 534 U.S. 362, 375 (2002) (quoting *Douglas v. Alabama,* 380 U.S. 415, 422 (1965)). "[O]rdinarily, violation of 'firmly established and regularly followed' state rules ... will be adequate to foreclose review of a federal claim." *Id.* at 376.

The Michigan Court of Appeals found Petitioner's jury instruction claim waived because the trial court instructed the jury as requested by the defense and, after the court instructed the jury, defense counsel expressed approval of the jury instructions. *Fields*, 2016 WL 4129314 at *1-3. The rule that the express approval of a jury instruction constitutes a waiver and extinguishes any objection is firmly established and regularly followed by Michigan state courts. *See Morgan v. Lafler*, 452 F. App'x 637, 646 n.3 (6th Cir. 2011). The Michigan Court of Appeals expressly relied on this rule in reviewing Petitioner's claim.

In his application for habeas relief, Petitioner argues that his trial counsel objected to the modified causation instruction the court read to the jury. (Pet. at 12, ECF No. 1 at Pg ID 17.) In fact, however, the trial court read the instruction proposed by defense counsel, over the prosecution's objection, and defense counsel stated his approval of the instructions given. (1/7/15 Trial Tr. at 12-13, 18-21, 83-85, 91, ECF No. 7-11 at Pg ID 942-43, 950, 872-73, 877-80.) Petitioner's challenge to the jury instruction is thus procedurally defaulted unless Petitioner shows cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claim is not considered. *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).

Petitioner neither alleges nor establishes cause to excuse his default. The Court need not address the issue of prejudice when a petitioner fails to establish

7

cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Additionally, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires [the] petitioner to support his [or her] allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner fails to address the procedural default and advances no actual innocence argument. This claim, therefore, is procedurally defaulted.

### B. Response to Jury Question

Petitioner next argues that the trial court's response to the jury's question on gross negligence coupled with the court's inadequate instructions on causation rendered his trail unfair. Respondent argues that this claim is procedurally defaulted. The Michigan Court of Appeals did not rely upon a firmly established

state procedural rule to deny this claim; instead, the state court denied the claim on the merits. The claim is not procedurally defaulted.

During deliberations, the jury sent a note asking: "In order for victims to be considered grossly negligent, must they meet all of the elements as listed in [CJI2d] 16.18?" *Fields*, 2016 WL 4129314 at *3. In response, the trial court instructed the jury as follows:

> The gross negligence instruction is to be read and considered as part of paragraph (5) [of operating a vehicle while intoxicated causing death] under the elements of the offense. All elements must be proven beyond a reasonable doubt before a verdict of guilty can be rendered.

*Id.*[1]

---

[1] The fifth element of operating a motor vehicle causing death concerns whether a defendant's operation of the vehicle caused the victims' deaths. The trial court's original instruction on this element was as follows:

> To cause the victims' deaths, the Defendant's operation of the vehicle must have been a factual cause of the death. That is, but for the Defendant's operation of the vehicle, the death would not have occurred.
>
> In addition, operation of the vehicle must have been a proximate cause of death. That is, death or serious injury must have been a direct and natural result of operating the vehicle.
>
> It is claimed that Defendant's operation of his vehicle was not a proximate cause of the deaths of Mr. Sood and Mr. Sawaf because of an intervening, superseding cause. Gross negligence or intentional misconduct on the part of Mr. Sood or Mr. Sawaf constitutes an intervening, superseding cause.
>
> A superseding, intervening cause must not be reasonably foreseeable. Gross negligence is not reasonably foreseeable. If you find that there was an intervening, superseding cause in this case, then you must find the Defendant not guilty.

The Michigan Court of Appeals denied relief on this claim reasoning that, even if the instruction was inadequate, Petitioner was not prejudiced by the trial court's response to the jury's question. *Id.* The court of appeals held that, if the supplemental instruction burdened anyone, it burdened the prosecution:

> By also instructing the jury that the elements of gross negligence are part of the elements of the charged offense, the court in essence instructed the jury that in order to prove that defendant was a proximate cause of the victims' deaths, the prosecution had the additional burden of disproving that the victims were grossly negligent. Accordingly, not only was the trial court's responsive instruction consistent with defendant's requested special instruction, any error was more harmful to the prosecution. Consequently, there is no basis for concluding that defendant was prejudiced by the trial court's response. Because the trial court instructed the jury just as the defense requested and the responsive instruction did not lessen the prosecution's burden of proof, defendant was not denied a fair trial.

*Id.*

---

> Gross negligence means more than carelessness. It means willfully disregarding the results to others that might follow from an act or failure to act.
>
> The decedents were grossly negligent if they knew of the danger, that is, they knew that there was a situation that required them to take ordinary care to avoid injury, they knew that they could have avoided the injury by using ordinary care, and that they failed to use ordinary care to prevent injury when to a reasonable person it must have been apparent that the result was likely to be serious injury.

(ECF No. 7-11 at Pg ID 942-43.)

"Generally speaking, a state court's interpretation of the propriety of a jury instruction under state law does not entitle a habeas claimant to relief." *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012) (citing 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). A habeas petitioner is entitled to habeas relief for a jury instruction claim only when the "instruction is so flawed as a matter of state law as to 'infect[ ] the entire trial' in such a way that the conviction violates due process." *Id.* (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). A state court's finding that challenged jury instructions "adequately reflected the applicable state law and corresponding state charges" is binding on federal habeas review. *White v. Steele*, 629 F. App'x 690, 695 (6th Cir. 2015).

Petitioner has not shown that the trial court's response to the jury's question was "so flawed as a matter of state law" that it violated due process. *Rashad*, 675 F.3d at 569. The state court concluded that the instruction, if at all inappropriate, increased the *prosecution's* burden. The instructions, considered as a whole, informed the jury of each element of the charged offense and conveyed the prosecution's burden of proof. In consideration of the deference owed the state court's assessment of the adequacy of these instructions, the Court concludes that Petitioner fails to show that the state court's holding was contrary to or an unreasonable application of Supreme Court precedent.

## IV. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted).

Reasonable jurists would not find the Court's assessment of Petitioner's claims to be debatable or wrong. The Court therefore declines to issue a certificate of appealability.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is

**DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: February 3, 2020